1  BROWNE GEORGE ROSS LLP
   Eric M. George (State Bar No. 166403)
2    egeorge@bgrfirm.com
   Ryan Q. Keech (State Bar No. 280306)
3    rkeech@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff Gavin Polone

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11

| 12 | GAVIN POLONE, an individual, | Case No. 2:18-CV-08884 |
|---|---|---|
| 13 | Plaintiff, | **COMPLAINT FOR:** |
| 14 | vs. | **(1) DECLARATORY JUDGMENT OF IMPLIED COPYRIGHT LICENSE;** |
| 15 | ZOLTAN E. PALI, an individual; ARKITERV, INC. DBA STUDIO | |
| 16 | PALI FEKETE ARCHITECTS, a California corporation, and DOES 1-10, | **(2) DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT;** |
| 17 | Defendants. | |
| 18 | | **DEMAND FOR JURY TRIAL** |

19
20
21
22
23
24
25
26
27
28

Plaintiff Gavin Polone ("Mr. Polone") complains and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory relief under the Declaratory Judgment Act (28 U.S.C. § 2201), which has been necessitated by meritless copyright infringement threats made by defendant Zoltan E. Pali and his captive company defendant Arkiterv, Inc. dba Studio Pali Fekete Architects (collectively, "SPF").

2.     After first bungling a Los Angeles-area architectural project before ultimately quitting and leaving Mr. Polone in the lurch, Mr. Polone was forced to bring suit against SPF for professional negligence and related claims in a case currently pending Los Angeles Superior Court (Case No. BC711586).

3.     Now, SPF is engaged in a last-ditch attempt to misuse phantom claims of copyright infringement as a "Get Out of Professional Negligence Free" card.

4.     More specifically, in an astonishing display of unprofessional hubris, SPF is using threats of copyright liability to prevent *any other architect or other professional* from fixing the damage and continuing with the project unless SPF is paid thousands upon thousands of dollars in *additional* money and is *fully released* from *all professional negligence*.

5.     SPF's position is absurd and entirely deserving of judicial condemnation.  There is nothing in copyright law or otherwise that countenances this perfidy – quite the opposite.

6.     The simple truth is that SPF has no valid copyright interest to assert against Mr. Polone or against any of his employees, contractors or designees.  SPF was paid to create and deliver Design Materials to Mr. Polone and intended that Mr. Polone utilize the Design Materials in the design and construction of his home and office project.  Mr. Polone is simply not infringing any copyright owned by SPF – a conclusion that is only further buttressed by the fact that *SPF quit*.

7.     On October 12, 2018, in a final attempt to avoid the necessity of additional litigation, Mr. Polone tendered a check to SPF involuntarily, under protest

COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

1  and with all rights reserved in hopes that SPF would withdraw its threats of

2  copyright infringement and acknowledge Mr. Polone's right to proceed with the

3  project that SPF abandoned.  Not only has SPF not accepted this offer, but SPF has

4  also demanded that Mr. Polone *also* provide it with a full and complete release of all

5  claims of professional negligence before it would be prepared to so much as

6  acknowledge rights that Mr. Polone *already has*.

7       8.    Because SPF persists in threats of copyright infringement (a subject of

8  exclusive federal jurisdiction) as a means to bully Mr. Polone and his designees, the

9  prompt intervention of this Court is required to clarify the rights of the parties, bring

10 order to the situation and squelch SPF's improper attempt to deny Mr. Polone's

11 interest as an implied non-exclusive licensee of the Design Materials.

12                    **JURISDICTION AND VENUE**

13      9.    This Court has subject matter jurisdiction over this claim pursuant to

14 the Copyright Act, 17 U.S.C. § 101, *et seq* and 28 U.S.C. §§ 1331 and 1338(a) in

15 that this is an action arising under, and requires interpretation of, the Copyright Act.

16 This action is also brought under the Declaratory Judgment Act, 28 U.S.C. §

17 2201(a).

18      10.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§

19 1391(b) and 1400(a) because SPF's alleged claim of copyright infringement arose in

20 this district, SPF alleges continuing infringement in this district, and SPF can be

21 found in this district.

22      11.   Personal jurisdiction over Defendants is proper because Defendants

23 reside in and do business in California such that Defendants are subject to personal

24 jurisdiction in this action.

25                         **THE PARTIES**

26      12.   Plaintiff Gavin Polone, an individual, is and at all relevant times was, a

27 resident of the County of Los Angeles.

28      13.   Defendant Zoltan E. Pali, an individual, is a prominent architect in Los

COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

Angeles County, California.  Mr. Polone is informed and believes, and thereupon alleges, that Pali is and at all relevant times was a resident of the County of Los Angeles.

14.     Defendant Arkiterv, Inc. dba Studio Pali Fekete Architects, is a prominent architecture firm doing business in the County of Los Angeles with a principal place of business located at 8609 E. Washington Blvd. in Culver City, California.

15.     Defendants DOES 1-10, inclusive, are parents, subsidiaries, family companies, affiliates, agents or representatives of the named defendants and that each DOE defendant is responsible in some manner for the actions alleged herein. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1-10, inclusive, and each of them, are unknown to Mr. Polone at this time, and Mr. Polone therefore sues said Defendants by such fictitious names. Mr. Polone will seek leave of the Court to replace the fictitious names of these entities with their true names when they are ascertained.

## FACTUAL ALLEGATIONS

### Mr. Polone's Carla Ridge Project

16.     Mr. Polone, an internationally-renowned motion picture and television producer, has since 2014 been the owner of the land bearing the assessor's parcel numbers 4391-005-016, 5564-019-071 and 4388-016-023.  These are adjacent parcels straddling the border of the City of Beverly Hills and the City of Los Angeles with the municipal address of 1975 Carla Ridge Road, Beverly Hills, California and 2401 Briarcrest Road, Los Angeles, California (the "Carla Ridge Property").

17.     On October 16, 2014, Mr. Polone signed a contract with SPF (the "October 16, 2014 Agreement" for the design and construction of the residence, office and guest home project on the Carla Ridge Property (the "Carla Ridge Project").

COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

18.   The October 16, 2014 Agreement provided that all of SPF's services would be completed for a price of $745,000, plus construction supervision costs of $170,000 (which was not guaranteed).  Mr. Polone paid SPF more than $728,000 of the $745,000 contract price and, on October 12, 2018, tendered a check to SPF under protest and with all rights reserved for an additional $38,197.58 – resulting in total payments to SPF by Mr. Polone of more than $766,000.

19.   The October 16, 2014 Agreement provides that:

> "Design Ownership resides solely with [SPF].  However, [SPF] also assigns Design Ownership to [Mr. Polone] once the services are completed and paid for.  It is understood that neither [Mr. Polone] nor [SPF] may utilize the design documents for another project without the written consent of either party.  [Mr. Polone] also understands that [Mr. Polone] may terminate our services but that does not allow [Mr. Polone] to utilize the design without prior written consent with an option to purchase a license for such usage.  [Mr. Polone] also agrees to allow reasonable access for still digital photography of the completed project and publication rights.  [SPF] also understands that proprietary Client information will not be publicized."

20.   Other than noting that **Mr. Polone**'s termination of SPF's services would "not allow [Mr. Polone] to utilize" SPF's design without "an option to purchase a license" for such usage, the October 16, 2014 Agreement is entirely silent on the subject of copyright licenses and contains no provisions that displace established federal or state law on the existence or scope of implied nonexclusive copyright licenses.

21.   The October 16, 2014 Agreement is entirely silent on the subject of SPF's rights in the event that **SPF** terminates its services.

## Before Quitting in May 2018, SPF Creates (and is paid for) Deficient Design Materials

22.   Between October 16, 2014 and May 5, 2018, SPF created design materials for the Carla Ridge Project – including plans, drawings and other design materials – that were paid for and delivered to Mr. Polone for use in the design and construction of the Carla Ridge Project (the "Design Materials").  No restrictions

were placed on the use of the Design Materials when they were delivered to Mr. Polone. To the contrary: SPF only ever created the Design Materials with the intent that they be used by Mr. Polone for the design and construction of the Carla Ridge Project.

23. Between October 16, 2014 and May 5, 2018, Mr. Polone paid SPF more than $728,000 for the Design Materials. On October 12, 2018, Mr. Polone tendered an additional check to SPF for $38,197.58 – a total amount paid to SPF that exceeds $766,000.

24. At all times, SPF and Mr. Polone intended that Mr. Polone would be permitted to utilize the Design Materials in the design and construction of the Carla Ridge Project until the Carla Ridge Project was completed, at which time a full written assignment of the ownership of the copyright to Mr. Polone would take place. Such intent is reflected, *inter alia*, in the terms of the October 16, 2014 Agreement and its provisions regarding "Ownership of Design." At all relevant times, Mr. Polone had all necessary licenses to utilize the Design Materials in the design and construction of the Carla Ridge Project by operation of law and looked forward to obtaining a full transfer of copyright ownership upon project completion.

25. In part because he was both materially overstretched and overburdened with unhappy clients across the City of Los Angeles and beyond, SPF quit the Carla Ridge Project on or about May 2 and 5, 2018. It did so despite knowing that engineering, permitting and demolition processes were well underway, involving numerous contractors and subcontractors being paid thousands of dollars – all of whom were using the Design Materials.

26. When he quit, SPF made no mention of Mr. Polone's noncompliance with the October 16, 2014 Agreement. Nor did SPF make any attempt to disclaim the implied non-exclusive license he knew Mr. Polone already had to utilize the Design Materials in the design and construction of his home. Instead, SPF bizarrely attempted to abdicate responsibility for its wrongdoing, claiming that the 1975 Carla

Ridge project was a "child" that was "incorrigible" and "not willing to follow the rules that we set up for her" and that "there is still some rearing to do" by Mr. Polone.

27.     After engaging a replacement architect, on June 27, 2018, Mr. Polone was forced to bring suit against SPF in Los Angeles Superior Court to obtain some measure of redress for SPF's misconduct.

28.     The Los Angeles Superior Court lawsuit is still pending.

**After Several Months of Litigation, SPF Concocts Baseless Claims of Copyright Infringement to Gain Leverage Over Mr. Polone**

29.     In or about October 2018, SPF decided to use baseless threats of copyright infringement – a subject within the exclusive subject matter jurisdiction of this Court – as an extortionate ploy to force Mr. Polone to waive his rights.

30.     On October 10, 2018, the ploy turned into an actual case and controversy within the meaning of the Declaratory Judgment Act when SPF sent a letter to Mr. Polone and Mr. Polone's designees – a true and correct copy of which is attached hereto as Exhibit A – claiming that Mr. Polone's work on the Carla Ride Project infringed SPF's copyright and other intellectual property rights and threatening significant copyright infringement liability if such work did not stop.

31.     In that letter, SPF "plac[ed] Mr. Polone, and his representatives, project managers, contractors and design professionals, on notice to IMMEDIATELY CEASE AND DESIST COPYING, DISSEMINATING, ADAPTING, AND/OR USING [SPF]'S COPYRIGHTED ARCHITECTURAL WORKS OR TECHNICAL DRAWINGS, OR ANY PART THEREOF RELATING TO THE PROJECT, AND/OR OTHERWISE VIOLATE ANY EXCLUSIVE RIGHTS OF [SPF] IN VIOLATION OF THE UNITED STATES COPYRIGHT LAWS, THE LANHAM ACT, OR ANY OTHER FEDERAL OR STATE LAW APPLICABLE."

32.     The letter also demanded confirmation "in writing within seven (7) days of this letter" that Mr. Polone would not be "copying, disseminating, adapting,

COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

1  or using" the Design Materials, and threatened both "willful infringement" and

2  "monetary damages and equitable relief" for purported "copyright infringement"

3  and stated that SPF would seek "monetary damages, injunctive relief, and an order

4  that [Mr. Polone] pay court costs and attorneys' fees," constituting purported

5  "liability and exposure" that "could be considerable."

6         33.    While continuing to dispute SPF's baseless disclaimer of Mr. Polone's

7  license to continue with the Carla Ridge Project, on October 8, 2018, Mr. Polone

8  offered to pay SPF every penny that SPF might have claimed that he was owed.  On

9  October 12, 2018, Mr. Polone tendered a check to SPF for this amount involuntarily,

10 under protest and with all rights reserved.

11        34.    But on October 10, 2018, SPF's counsel stated to counsel for Mr.

12 Polone that SPF would make good on his threats of a copyright infringement lawsuit

13 and would not recognize Mr. Polone's implied non-exclusive license – whether or

14 not Mr. Polone paid all amounts SPF claimed were owed (or any amounts) – unless

15 Mr. Polone *also* provided a full and complete release for SPF's professional

16 negligence and other misconduct.

17        35.    At all relevant times, Mr. Polone has had – at minimum – an implied

18 nonexclusive license to utilize the Design Materials for the design and construction

19 of the project for which the Design Materials were created.  There is nothing in the

20 law or in the course of dealing between the parties that countenances SPF's threats

21 of liability for copyright infringement.

22        36.    Absent prompt judicial intervention, SPF's threats will have the effect

23 of successfully placing a Damoclean sword over Mr. Polone's head and those of his

24 agents, contractors, successors and assigns with respect to their work on the Carla

25 Ridge Project.  Because the subject matter of these threats falls within the exclusive

26 subject matter jurisdiction of this Court, this Court's prompt intervention is thus

27 required to clarify the scope of the parties' rights and so that SPF's improper threats

28 do not succeed.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF IMPLIED COPYRIGHT LICENSE**

[Against All Defendants]

37.    Mr. Polone incorporates by reference each and every allegation contained in paragraphs 1-36 above as if fully set forth herein.

38.    As described more fully above, SPF was paid by Mr. Polone to prepare and deliver the Design Materials to Mr. Polone in exchange for SPF's grant of an implied non-exclusive license to use the Design Materials in the design and construction of the Carla Ridge Project.

39.    At no time did SPF ever place any restrictions or limitations on the implied non-exclusive license of Mr. Polone to utilize the Design Materials in the design and construction of the Carla Ridge Project.

40.    At no time did SPF ever purport to revoke the implied non-exclusive license of Mr. Polone to utilize the Design Materials in the design and construction of the Carla Ridge Project.

41.    Despite Mr. Polone's implied non-exclusive license to utilize the Design Materials in the design and construction of the Carla Ridge Project, an actual, present and justiciable controversy of sufficient immediacy and reality has arisen and now exists between the parties in that SPF contends Mr. Polone is infringing registered copyrights in the Design Materials by utilizing the Design Materials in the design and construction of the Carla Ridge Project.

42.    Mr. Polone denies that he or his agents, contractors, successors or assigns are liable for copyright infringement based upon, *inter alia*, Mr. Polone's implied non-exclusive license to utilize the Design Materials in the design and construction of the Carla Ridge Project.

43.    By reason of SPF's October 10, 2018 letters and other threats, Mr. Polone and his agents, contractors, successors and assigns face a real and reasonable threat of liability if they continue with the design and construction of the Carla

1    Ridge Project with use of the Design Materials.  Mr. Polone has an objectively

2    reasonable apprehension that SPF will continue to pursue its threats of copyright

3    infringement against Mr. Polone and his agents, contractors, successors and assigns.

4          44.    Mr. Polone desires a judicial determination of the respective rights of

5    the parties with respect to Mr. Polone's implied non-exclusive license to utilize the

6    copyright in the Design Materials in the design and construction of the Carla Ridge

7    Project.

8          45.    A judicial declaration is necessary and appropriate in order that the

9    parties may be apprised of the scope and nature of their copyright interests in the

10   Design Materials and so that Mr. Polone may continue with the Carla Ridge Project

11   without the Damoclean sword of copyright liability otherwise hanging over his head

12   or that of his agents, contractors, successors or assigns.

13         46.    Mr. Polone is thus entitled to a judicial declaration declaring his

14   implied non-exclusive license to use the Design Materials in the design and

15   construction of the Carla Ridge Project.

16         47.    17 U.S.C. § 505 provides that the prevailing party in a copyright action

17   is entitled to his attorneys' fees.  SPF's copyright threats are objectively and

18   subjectively unreasonable, entitling Mr. Polone to a full award of all attorneys' fees

19   incurred in this action.

20                      **SECOND CLAIM FOR RELIEF**

21   **DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT**

22                          [Against All Defendants]

23         48.    Mr. Polone incorporates by reference each and every allegation

24   contained in paragraphs 1-36 and 38-47 above as if fully set forth herein.

25         49.    An actual, present and justiciable controversy of sufficient immediacy

26   and reality has arisen and now exists between the parties in that SPF contends Mr.

27   Polone is infringing registered copyrights in the Design Materials by utilizing the

28   Design Materials in the design and construction of the Carla Ridge Project.

50.     Mr. Polone denies that he or his agents, contractors, successors or assigns are liable for copyright infringement based upon, *inter alia*, Mr. Polone's express or implied non-exclusive license to utilize the Design Materials in the design and construction of the Carla Ridge Project.

51.     By reason of SPF's October 10, 2018 letters and other threats, Mr. Polone and his agents, contractors, successors and assigns face a real and reasonable threat of liability if they continue with the design and construction of the Carla Ridge Project with use of the Design Materials.  Mr. Polone has an objectively reasonable apprehension that SPF will continue to pursue its threats of copyright infringement against Mr. Polone and his agents, contractors, successors and assigns.

52.     Mr. Polone desires a judicial determination of the respective rights of the parties with respect to infringement, if any, of the copyright in the Design Materials.

53.     A judicial declaration is necessary and appropriate in order that the parties may be apprised of the scope and nature of their copyright interests in the Design Materials and so that Mr. Polone may continue with the Carla Ridge Project without incurring unnecessary costs defending against baseless copyright claims or with the Damoclean sword of copyright liability otherwise hanging over his head or that of his agents, contractors, successors or assigns.

54.     Mr. Polone is thus entitled to a judicial declaration that he is not infringing SPF's copyright interests, if any, in the Design Materials.

55.     17 U.S.C. § 505 provides that the prevailing party in a copyright action is entitled to his attorneys' fees.  SPF's copyright threats are objectively and subjectively unreasonable, entitling Mr. Polone to a full award of all attorneys' fees incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Polone prays as follows:

1.     For a judicial declaration as to the existence and scope of Mr. Polone's

1136468.1
Case No. 2:18-CV-08884
COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

implied non-exclusive license to utilize the Design Materials in the design and construction of the Carla Ridge Project;

2.    For a judicial declaration that Mr. Polone's use of the Design Materials in the design and construction of the Carla Ridge Project does not infringe upon any copyright interest of SPF;

3.    For preliminary and permanent injunctive relief restraining SPF and its agents, servants and employees, and all persons acting in concert with them, from engaging in the unlawful conduct set forth herein, including without limitation by alleging copyright infringement by Mr. Polone relating to the Design Materials or by otherwise interfering with Mr. Polone's implied non-exclusive copyright license to utilize the Design Materials in the design and construction of the Carla Ridge Project.

4.    For costs of suit, including a full award of attorneys' fees.

5.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Mr. Polone demands a jury trial of all issues so triable.


DATED:  October 15, 2018          BROWNE GEORGE ROSS LLP
                                  Eric M. George
                                  Ryan Q. Keech



                                  By:    /s/ Ryan Q. Keech
                                         Ryan Q. Keech
                                  Attorneys for Plaintiff Gavin Polone

COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT